# IN THE COURT OF APPEALS OF IOWA

No. 18-1840
Filed January 23, 2019

**IN THE INTEREST OF A.P.,**
**Minor Child,**

**J.P., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Polk County, Colin J. Witt, District

Associate Judge.


A mother challenges the permanency review order in a child-in-need-of-

assistance proceeding. **AFFIRMED.**


Mark D. Reed of Marberry Law Firm, P.C., Urbandale, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellee State.

Lynn M. Vogan of Youth Law Center, Des Moines, guardian ad litem for

minor child.


Considered by Vogel, C.J., and Vaitheswaran and McDonald, JJ.

**McDONALD, Judge.**

The child at issue in this appeal is A.P., who was born in July 2017. The child was removed from his mother Julie's care shortly after his birth and placed with his maternal aunt. In a subsequent dispositional order, the juvenile court ordered legal custody of the child remain with the maternal aunt. Following a combined permanency review and termination hearing, the juvenile court issued its permanency review order. The juvenile court dismissed the State's application for the termination of Julie's parental rights and ordered legal custody of the child be transferred to the child's father, Aaron, pursuant to Iowa Code section 232.104(2)(d)(2) (2017). Julie challenges this order on appeal. She does not contend the juvenile court should have transferred legal custody of the child to her. Instead, she contends the juvenile court should have ordered legal custody and physical care of the child remain with the maternal aunt.

To the extent Julie contends the district court lacked the authority to transfer legal custody of the child, her claim is without merit. There is a preference, protected by constitutional case law, for maintaining the parent-child relationship. *See In re M.S.*, 889 N.W.2d 675, 678 (Iowa Ct. App. 2016). This preference is embodied within the structure of Iowa Code chapter 232. *See id.* As relevant here, section 232.104(2)(d)(2) specifically authorizes the juvenile court to "[t]ransfer sole custody of the child from one parent to another parent." Julie's challenge to the authority of the juvenile court is without merit.

To the extent Julie contends the juvenile court was without authority to change custody of the child without establishing a material and substantial change in circumstances, we disagree. As noted above, the statute specifically authorized

the juvenile court to change custody of the child. In addition, the statute does not require proof of a material and substantial change in circumstances before the court modifies a prior order. *See In re M.M.*, No. 16-0548, 2016 WL 4036246, at *4 (Iowa Ct. App. July 27, 2016) (noting the 2004 amendments to the statute superseded caselaw requiring proof of a material and substantial change in circumstances as a prerequisite to modification).

To the extent Julie contends the change in custody is not in the best interest of the child, we disagree. The department of human services' report to the court shows the juvenile court's order was well-founded. The maternal aunt supports placement of the child with the father. The reports show the father is doing well and could serve as a capable caretaker for the child. In addition, the case is still pending before the juvenile court, which can continue to monitor and evaluate the change in custody and placement.

We affirm the judgment of the juvenile court.

**AFFIRMED.**